**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CAROLYN SIMPSON,

    Plaintiff,

v.                                                Case No. 8:16-cv-1642-T-AAS

NANCY W. BERRYHILL,
**Deputy Commissioner of Operations,
Social Security Administration,**

    Defendant.
_____/

## ORDER

Carolyn Simpson's attorney Jeanette Kelley moves for an award of $32,406.00 in attorney's fees under 42 U.S.C. Section 406(b).

Local Rule 3.01(g) requires the party filing a non-dispositive motion to include in her motion a statement (1) certifying she conferred with opposing counsel and (2) stating whether opposing counsel agrees on the resolution of the motion. If opposing counsel agrees with the relief sought in the moving party's motion, Local Rule 3.01(g) requires the moving party to include in the caption of the motion the word "unopposed," "agreed," or "stipulated."

In her motion, Kelley stated: "The Defendant did not have any objection to this motion." (Doc. 23, p. 6). Kelley failed to satisfy Local Rule 3.01(g) because she failed to certify whether she sufficiently conferred with opposing counsel. Further, Kelley

1

failed to include in her motion's title a word like "unopposed."[1]

Fourteen days passed since Kelley moved for attorney's fees. (Doc. 23). Under Local Rule 3.01(b), a party who opposes a motion has fourteen days to respond. The Commissioner submitted no response in opposition. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS. 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted). Therefore, the court treats Kelley's motion as unopposed due to the Commissioner's failure to respond.

Ms. Simpson applied for disability insurance benefits and supplemental security income. (Tr. 173–85). After disability specialists denied her applications initially and after reconsideration, Ms. Simpson requested a hearing before an Administrative Law Judge ("ALJ"), who found Ms. Simpson not disabled. (Tr. 28–37, 67–80, 83–102). The Appeals Council denied Ms. Simpson's request for review of the ALJ's decision. (Tr. 1–3). Ms. Simpson then filed a complaint in this court. (Doc. 1). The court reversed and remanded the ALJ's decision. (Doc. 19).

The Commissioner found Ms. Simpson disabled on remand. The Social Security Administration ("Administration") then issued a Notice of Award. (Doc. 23-1). The Administration informed Ms. Simpson it withheld $32,406.00 from past-due benefits to pay her attorney's fees. (*Id.* at 3–4). Kelley requests the full $32,406.00

---

[1] Kelley included "unopposed" in her motion's title in CM/ECF, but that fails to satisfy Local Rule 3.01(g).

2

award under 42 U.S.C. Section 406(b). (Doc. 23).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Here, the Administration withheld $32,406.00 (twenty-five percent of Ms. Simpson's past-due benefits) for attorney's fees. (Doc. 23-1). Based on the fee agreement (Doc. 23-2) and Kelley's itemization of services rendered (Docs. 23-3; 23-4), an attorney's fees award for $32,406.00 is appropriate.[2]

The court previously awarded Kelley $6,028.29 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 22). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Therefore, Kelley must refund her $6,028.29 attorney's fees award under the EAJA.

Kelley also indicated she moved for attorney's fees under 42 U.S.C. Section 406(a). (Doc. 23, p. 7, n.1). Combined fees under Sections 406(a) and 406(b) may not exceed twenty-five percent of past-due benefits. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970)[3]; *see also Busby v. Comm'r of Soc. Sec.*, No. 3:14-CV-544-J-

---

[2] When the Commissioner fails to object to the amount of attorney's fees, the requested award is appropriate. *Perkins v. Astrue*, 532 F. Supp. 2d 1114, 1117 (M.D. Fla. June 11, 2009). Because the Commissioner failed to object to Kelley's requested award of attorney's fees, her award is appropriate.

[3] The former Fifth Circuit's decisions are binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

34PDB, 2016 WL 5339707 (M.D. Fla. July 13, 2016) (requiring the plaintiff's attorney to refund the plaintiff fees exceeding twenty-five percent of past-due benefits). Therefore, if Kelley receives attorney's fees under Section 406(a), she must refund that award to Ms. Simpson.

Accordingly, the following is **ORDERED**:

1. Attorney Jeanette Kelley's motion for attorney's fees under 42 U.S.C. Section 406(b) (Doc. 23) is **GRANTED**.

2. Attorney Jeanette Kelley is awarded $32,406.00 in attorney's fees under 42 U.S.C. Section 406(b).

3. Attorney Jeanette Kelley must refund Ms. Simpson her attorney's fees award under the EAJA and any award she may receive under 42 U.S.C. Section 406(a).

**ORDERED** in Tampa, Florida on September 17, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4